IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD ANDREW WHITE,

    Petitioner,               No. 2:12-cv-2375 AC P

  vs.

G. JANDA,

    Respondent.           ORDER

_____/

        Petitioner is a state prisoner proceeding pro se on this application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the undersigned.

        In his petition, petitioner argues that the court incorrectly dismissed his complaint in case number 2:08-cv-1789, White v. Hollows (the "2008 Complaint"). In the 2008 Complaint, plaintiff alleged that the magistrate judges of the United States District Court for the Eastern District of California improperly required petitioner to pay a filing fee in order to proceed in his actions filed under 42 U.S.C. § 1983 and 28 U.S.C. § 2254. See 2:08-cv-1789, Doc. No. 1. On August 10, 2012, Judge Bea, sitting by designation, screened the complaint and dismissed it for failure to state a claim, without leave to amend. See 2:08-cv-1789, Doc. No. 9.

///

1    Petitioner now appears to allege that the court improperly dismissed the 2008
2 complaint because, among other things, the court dismissed the action without allowing petition
3 to file objections, and because the court improperly determined that plaintiff had three strikes
4 under 28 U.S.C. § 1915(g).
5    Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254
6 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the
7 petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district
8 court." In the instant case, it is plain from the petition and appended exhibits that petitioner is
9 not entitled to federal habeas relief.
10    A federal court may only grant a petition for writ of habeas corpus if the
11 petitioner can show that "he is in custody in violation of the Constitution...." 28 U.S.C. §
12 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality
13 of duration" of his confinement. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting
14 Preiser v. Rodriguez, 411 U.S. 475, 485 [S.Ct. Cite] (1973).
15    In this case, petitioner's claims do not implicate the fact or duration of his
16 confinement, and he does not challenge his conviction or sentence. Instead, he argues that a
17 prior decision of the court was incorrect, an argument more appropriately raised in a motion to
18 reconsider or in an appeal of the court's ruling. Petitioner's instant claims are currently not
19 cognizable grounds for federal habeas relief and must be dismissed.[1]
20    In accordance with the above, IT IS HEREBY ORDERED that
21    1. The Clerk of the Court is directed to serve a copy of the petition filed in this
22 case together with a copy of this order on the Attorney General of the State of California; and
23    2. Petitioner's application for a writ of habeas corpus is summarily dismissed; and

---

[1] Moreover, even if petitioner were somehow challenging his conviction, the court notes that, according to the petition, petitioner was convicted in 1988 and has not exhausted any administrative remedies. Accordingly, on its face, the petition appears to be untimely and unexhausted.

1        3. The Clerk is directed to close this case.

2  DATED: November 26, 2012.

4         /s/
   ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE

7  AC:rb/whit2375.156b